UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC TOLLIVER,

                Petitioner,

v.                                          9:21-CV-0061
                                                (BKS/TWD)
MICHAEL CAPRA, Superintendent, Sing Sing
Correctional Facility,

                Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

ERIC TOLLIVER
94-B-1563
Petitioner, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Eric Tolliver seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254. Dkt. No. 1 at 1-23, Petition ("Pet."); Dkt. No. 1 at 23-120, Dkt. Nos. 1-1–1-3, Exhibits.[1,]

[2] On January 19, 2021, the action was administratively closed due to petitioner's failure to

properly commence it. Dkt. No. 4, Administrative Closure Order. Petitioner was advised that

---

[1] The case was initially filed in the Southern District of New York and, on January 11, 2021, was transferred to this District. *See Tolliver v. Capra*, No. 1:20-CV-11133 (S.D.N.Y.), Dkt. No. 2, Transfer Order.

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2.

On February 10, 2021, the Court received an application to proceed in forma pauperis ("IFP"). Dkt. No. 6, IFP Application. The case was reopened. Dkt. No. 7, Text Order.

Upon further review of petitioner's prior habeas actions, and for the reasons discussed below, this petition must be transferred to the Second Circuit as a successive petition.

## II.     PREVIOUS HABEAS PETITIONS

Petitioner previously filed a habeas petition in the Northern District of New York in 1999. *Tolliver v. Artuz*, No. 9:99-CV-0332 (FJS/DRH) ("*Tolliver I*"), Dkt. No. 1, Petition. Petitioner challenged a 1996 judgment of conviction in Onondaga County, upon a jury verdict, of attempted second degree murder and second degree criminal possession of a weapon. *Tolliver I*, Petition at 1. On March 13, 1998, the New York State Supreme Court, Appellate Division, Fourth Department, unanimously affirmed his judgment of conviction, and, on May 15, 1998, the New York Court of Appeals denied leave to appeal. *Id.* at 2; *accord People v. Tolliver*, 248 A.D.2d 988 (4th Dep't 1998), *lv. denied*, 91 N.Y.2d 1013 (1998).

Petitioner argued that he was entitled to habeas relief because (1) his due process rights were denied when petitioner appeared before the grand jury in his jail attire; (2) there was prosecutorial misconduct; (3) his conviction was supported by insufficient evidence; (4) the sentence was harsh and excessive; and (5) petitioner's counsel was constitutionally

ineffective. *Tolliver I*, Pet. at 4-5, 7-10.

On April 23, 2001, Magistrate Judge Homer issued a Report and Recommendation recommending that the petition be denied. *Tolliver I*, Dkt. No. 10, Report & Recommendation ("R&R"). Specifically, Judge Homer explained that petitioner's due process rights were not denied; his prosecutorial misconduct claim was procedurally defaulted and meritless; petitioner's insufficient evidence claim was meritless; his sentence was neither harsh nor excessive; and his ineffective assistance of counsel claims were also meritless. *Id.* at 3-11. Then Chief District Judge Scullin accepted the R&R in its entirety, and the petition was denied. *Tolliver I*, Dkt. No. 12, Order; *Tolliver I*, Dkt. No. 13, Judgment.

Petitioner appealed the decision. *Tolliver I*, Dkt. No. 20, Notice of Appeal. On January 28, 2002, the Second Circuit issued a mandate holding that it lacked jurisdiction to decide the appeal because the notice of appeal was untimely. *Tolliver I*, Dkt. No. 22.

Petitioner filed a second habeas petition in the Northern District of New York in 2016. *Tolliver v. Keyser*, No. 9:16-CV-0487 ("*Tolliver II*"), Dkt. No. 1, Petition. Petitioner challenged a 1996 judgment of conviction in Onondaga County, pursuant to a jury verdict, of attempted second degree murder and second degree criminal possession of a weapon. *Id.* at 1. Petitioner again represented that the Fourth Department affirmed his conviction, and the New York Court of Appeals denied leave to appeal in 1998. *Id.* at 2; *see People v. Tolliver*, 248 A.D.2d 988 (4th Dep't 1998), *lv. denied*, 91 N.Y.2d 1013 (1998). Petitioner argued that he was entitled to federal habeas relief because his appellate counsel was constitutionally ineffective. *Tolliver II*, Petition at 5.

On April 28, 2016, the Court transferred the petition to the Second Circuit, pursuant to

28 U.S.C. § 1631, for a determination as to whether petitioner should be authorized to file a second or successive habeas petition. *Tolliver II*, Dkt. No. 3, Decision and Order. On July 12, 2016, the Second Circuit issued a Mandate denying petitioner's motion. *Tolliver II*, Dkt. No. 4, Mandate.

### III.   THE PRESENT PETITION

Petitioner again challenges a 1996 judgment of conviction in Onondaga County, pursuant to a jury verdict, of attempted second degree murder and second degree criminal possession of a weapon. Pet. at 1-2. Petitioner again indicated that, on March 13, 1998, the Fourth Department affirmed his conviction and, on May 15, 1998, the Court of Appeals denied his application for leave to appeal. *Id.* at 2 (citing *People v. Tolliver*, 248 A.D.2d 988 and *People v. Tolliver*, 91 N.Y.2d 1013).

Petitioner explains that "[u]pon obtaining newly discovered evidence (through a F.O.I.L. request upon the Onondaga County District Attorney Office), petitioner filed a pro se [motion to vacate his conviction pursuant to New York Criminal Procedure Law] § 440.10 & 20[.]" Pet. at 2-3; Dkt. No. 1 at 84-120; Dkt. No. 1-1 at 1-3. The 440 motion was denied on July 9, 2019. Pet. at 3; Dkt. No. 1-1 at 5-6. Petitioner filed a counseled motion for reconsideration. Pet. at 3; Dkt. No. 1-1 at 8-21. In a decision dated December 3, 2020, the Fourth Department granted the motion for reconsideration and, ultimately, denied petitioner's application for leave to appeal. Pet. at 3; Dkt. No. 1-1 at 40-41.

Petitioner argues that he is entitled to federal habeas relief because newly discovered evidence demonstrates his actual innocence and a *Brady* violation. Pet. at 8-23. For a more complete statement of petitioner's claims, reference is made to the petition and attached

4

exhibits.

## IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  Specifically, "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"  28 U.S.C. § 2244(a).  Accordingly, a petition is second or successive when it attacks the same judgment that was previously attacked, *see Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003), and dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), in a prior petition.  *See also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).  Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to

consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner indicates that he filed a prior habeas petition; however, the citation is to a habeas petition challenging a different conviction. *See* Pet. at 2 (citing petition filed on April 25, 2002, *Tolliver v. Greiner*, No. 9:02-CV-0570 (LEK/RFT)). Petitioner has filed several habeas petitions challenging various things, so the clerical error is understandable.[3] As previously identified, petitioner did already file two habeas petitions in this district, both challenging his 1996 conviction from Onondaga County. *See Tolliver I* & *Tolliver II*. Thus, petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petitions.

Petitioner contends that his petition is not successive because it was dismissed as untimely, and, therefore, not on its merits. Pet. at 2, 3. However, the claims in the first petition were denied as both procedurally defaulted and meritless. *Tolliver I*, R&R at 3-11. Therefore, *Tolliver I* constitutes a decision on the merits. *See Carter v. United States*, 150 F.3d 202, 205-206 (2d Cir. 1998) (holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . .

---

[3] Petitioner filed three petitions challenging his 1994 judgment of conviction in Onondaga County for second degree murder and second degree criminal possession of a weapon. *See Tolliver v. Greiner*, No. 9:02-CV-0570 (LEK/RFT) (*"Tolliver III"*) (denying petitions claims as meritless or procedurally defaulted); *Tolliver v. Griffin*, No. 9:14-CV-0646 (TJM/DEP) ("*Tolliver IV*") (ultimately the petition was withdrawn by petitioner); *Tolliver v. Griffin*, No. 9:14-CV-1131 (DNH) ("*Tolliver V*") (transferring petition to the Second Circuit as successive and ultimately, the Second Circuit denying petitioner permission to file).

Petitioner also filed a counseled petition challenging the delay for decision for his 440 motion. *See Tolliver v. Keyser*, No. 9:19-CV-0292 (BKS/ML) ("*Tolliver VI*") (ultimately stipulating to dismiss the petition as moot once the 440 motion was decided).

'second or successive' for purposes of the AEDPA.").

The current petition presents a new challenge to petitioner's 1996 judgment of conviction. It is therefore a second or successive petition advancing claims that were not previously presented. Accordingly, such application

shall be dismissed unless . . .

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). Here, petitioner asserts that new evidence establishes both that there was a *Brady* violation – as the exculpatory evidence was never disclosed to him by the prosecution – and that he is actually innocent of the charges on which he was convicted in 1996. Petitioner may be able to fulfill the requirements of the exception in § 2244(b)(2)(B) to the bar against second or successive petitions. However, before this Court may consider the instant petition, petitioner must request and obtain an order from the Second Circuit authorizing the filing of such a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Furthermore, because "[t]he Second Circuit does not charge a fee for filing a motion for an order authorizing the district court to consider a second or

successive habeas application," petitioner's IFP application will be stayed and revisited if the Second Circuit grants petitioner permission to proceed. *Garcia v. Superintendent of Great Meadow Corr. Facility*, No. 1:15-CV-0088, 2015 WL 5178713, at *3 (E.D.N.Y. Sept. 3, 2015); *see also* How to File Habeas Corpus Petitions or Appeals, Second or Successive Petitions, or Civil Rights Appeals Challenging a Prisoner's Detention in the United States Court of Appeals for the Second Circuit *available at* https://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/habeas_appeal/how_to_file_a_habeas_corpus_petition.html (last visited 2/12/21).

## V.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: February 16, 2021

*[signature: Brenda K. Sannes]*
Brenda K. Sannes
U.S. District Judge